(135 So. 609)

VICKSBURG, S. & P. RY. CO. v. CROSS.

No. 28280.

May 25, 1931.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

LAND, J.

The Vicksburg, Shreveport & Pacific Railway Company operates a line of railway through the city of Shreveport, La. In the present suit petitioner seeks to obtain judgment against defendant, decreeing petitioner to be the owner of a strip 32 feet wide at its upper end, by 152 feet long, and 36 feet wide at its lower end, located on the right of way of petitioner in 10-acre lot 31 in that city.

The defendant, C. L. Cross, alleges that he is the owner of the above-described property by purchase from the Galilee Colored Baptist Church on July 29, 1924; that the church, as owner, had possession of this property actually, peaceably, notoriously, and continuously for more than 30 years preceding the sale to defendant; and that petitioner's demands are barred by the prescription of 30 years' acquirendi causa.

From a judgment maintaining the plea of prescription, and rejecting its demands, petitioner has appealed.

In the year 1878, W. H. Wise agreed verbally to sell to the Galilee Colored Baptist Church a strip 50 by 160 feet off of lots 10, 11, 12, and 13, block 5, 10-acre lot 31, of the city of Shreveport, "adjoining the Texas Pacific Railroad."

A church building had been erected on this property in the year 1877 at a cost of $2,000, and was inclosed with a fence.

The materials for the building had been furnished by John R. Jones, to whom W. H. Wise conveyed the property November 9, 1880, as security for the price of these materials.

On September 24, 1888, Jones sold the property to the Galilee Colored Baptist Church, which maintained, as owner, its actual quiet and uninterrupted possession of same under fence from 1877 down to July 29, 1924, the date of sale by the church to defendant, C. L. Cross, who acquired the strip 50 by 160 feet sold by Jones to the church in 1888.

The railroad's right of way in 10-acre lot 31 is 75 feet in width from the center line, and includes more than half of the 50-foot strip on which the church building stood.

Petitioner sets up a complete chain of title as owner, which is traced through mesne conveyances to the United States government.

However, petitioner states very frankly in its brief that: "It would be idle for us to attempt to meet the testimony as to the possession of the church of the ground in dispute. According to the earliest records the church building and the fence surrounding it embraced the fifty-foot strip of ground in Block 5 of Ten Acre Lot 31 and that portion of our grant which the plaintiff is seeking in this action to recover, but we claim that the prescription of thirty years was interrupted by the suit of the V. S. & P. Railroad Company v. Galilee Colored Baptist Church, No. 6098 in the District Court of Caddo Parish." Plaintiff's brief, p. 6.

The claim of petitioner is without avail, in our judgment, as the written opinion of the district judge of the parish of Caddo clearly states that: "This suit is one to fix the boundary line between plaintiff's right of way and certain lots in Ten Acre Lot 31 adjoining same, and a judgment accordingly will not disturb defendant's possession, nor affect the question of title founded on ten year's prescription. Defendant in possession claiming an adverse title cannot be ousted in an action of boundary, based on the assumption that there is no conflict of title, but only a dispute as to lines. In such a proceeding a claim of title beyond the true boundary line based on 10 years' prescription cannot be considered, except by consent of parties."

"It is therefore ordered and decreed that the boundary line between plaintiff's right of way and lots 10, 11, 12 and 13 of Ten Acre Lot 31 be fixed in accordance with the report and plat made by Frank W. Kane, City Engineer, filed in evidence in this cause on March 17, 1899; and it is further decreed that all questions of defendants' title to and right of possession of a part of said right of way, under the deed from John R. Jones, be reserved; and it is further ordered that the costs of this suit be equally divided between plaintiff and defendant."

The above decision was rendered in April, 1899, and was affirmed on appeal by petitioner to the old First Circuit Court of Appeal.

Petitioner waited until November 24, 1924, to file the present petitory action "to test defendants' title to and right of possession of a part of said right of way under the deed from John R. Jones," reserved in the decree of the district court handed down in 1899.

In the meantime, the prescription of 30 years' acquirendi causa had accrued in favor of the Galilee Colored Baptist Church in 1907,

and the church at that date had obtained thereby a good and valid title, which it transferred to defendant July 29, 1924, prior to the institution of the present suit.

Judgment affirmed.